IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Elwood Bullock,<br><br>                              Petitioner,<br><br>vs.<br><br>A. Mendoza, *Acting Warden*; FCI - Williamsburg,<br><br>                              Respondent. | C/A No. 0:21-cv-3205-JFA-PJG<br><br><br><br>**ORDER** |

### I.     INTRODUCTION

Petitioner Kevin Elwood Bullock ("Petitioner"), a self-represented federal prisoner, filed this petition ("Petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2441. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the Petition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opined that this petition should be summarily dismissed without prejudice and without requiring the respondent to file a

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

1

return. (ECF No. 11). The Report sets forth, in detail, the relevant facts and standards of law on this matter and this court incorporates those facts and standards without a recitation.

Within his petition, Petitioner seeks to avail himself of the savings clause within 28 U.S.C. § 2255(e)[2] based on the Supreme Court decision in *Johnson v. United States*, 576 U.S. 591 (2015). Within the Report, the Magistrate Judge held that the Petitioner failed to satisfy the savings clause of 28 U.S.C. § 2255(e) because the Supreme Court held that *Johnson* is a new rule of constitutional law, made retroactive on collateral review, that was previously unavailable. Thus, to the extent that Petitioner has a meritorious claim pursuant to *Johnson*, it must be raised in a § 2255 motion.

In response, Petitioner filed a single objection on November 29, 2021. (ECF No. 15). Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those

---

[2] A petitioner cannot challenge his federal conviction and sentence through § 2241 unless he can show under the "savings clause" of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e).

2

portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases.

*See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Petitioner's sole objection to the Report amounts to a disagreement with the Magistrate Judge's conclusion that this court does not have jurisdiction over Petitioner's § 2241 petition under *Wheeler*[3] as he had previously moved and was denied leave to file a successive § 2255 motion in the Sentencing Court by the United States Court of Appeals for the Fourth Circuit.

The Magistrate Judge concluded that to the extent Petitioner's reliance on *Johnson v. United States* was valid, it failed to meet the third element of *Wheeler* because the

---

[3] *United States v. Wheeler*, 886 F.3d 415. *Wheeler* sets forth the test to determine if a petitioner meets the savings clause under § 2255, via § 2241, by satisfying four elements:

> (1) [A]t the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429.

Supreme Court held that *Johnson* is a new rule of constitutional law, made retroactive on collateral review, that was previously unavailable. (ECF No. 11). Therefore, because the complaint met the gatekeeping function of § 2255(h)(2), under the third element of *Wheeler*, this court does not have jurisdiction to consider Petitioner's writ of habeas corpus under § 2241.

Petitioner objected to this conclusion on the basis that he had already filed one § 2255 motion seeking relief to vacate the revocation of his supervised release in the district in which he was sentenced, the Middle District of North Carolina. (ECF No. 15). Additionally, he filed a motion seeking leave to file a successive § 2255 motion in the sentencing district that was subsequently denied by the United States Court of Appeals for the Fourth Circuit on September 14, 2021. (ECF No. 15-1). Petitioner contends that this denial was sufficient to meet the third element of *Wheeler* and thus this court does have jurisdiction to hear the § 2241 writ for habeas corpus. *Id.*

Here, the Magistrate Judge's analysis and conclusion to dismiss the Petition without prejudice was correct. In order to hear a writ for habeas corpus under § 2241, the court must have jurisdiction over the claimed error in sentencing pursuant to the savings clause under *Wheeler*. *Wheeler*, at 423. Additionally, the third element in *Wheeler* requires that, "(3) the prisoner is unable to meet the gatekeeping provisions of §2255 (h)(2) for second or successive motions." *Id.* at 429. However, the Fourth Circuit has held that "[i]t is beyond question that §2255 is not inadequate or ineffective merely because an individual is unable

to obtain relief under that provision… A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Further,

> [a] federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of a change, a § 2241 is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

*Rice v. Rivera*, 617 F. 3d 802, 807 (4th Cir. 2010).

In this instance, Petitioner had the opportunity to file a motion for leave to file a successive § 2255 motion due to the change in constitutional law that occurred with *Johnson*, which applied retroactively and to collateral review, which Petitioner in fact did. Notwithstanding, the unsuccessful application to file a successive § 2255 motion does not render the potential avenue for redress inadequate or ineffective such that it satisfies the third requirement set forth in *Wheeler*. Thus, Petitioner took the proper course to seek relief under *Johnson* by seeking permission to file a second or successive motion to vacate pursuant to § 2255(h), although the attempt was unsuccessful. Therefore, Petitioner fails to meet the savings clause and this court lacks jurisdiction to consider the instant petition.

### IV.   CONCLUSION

After carefully reviewing the applicable laws, the record in the case, as well as the Report, this Court finds that the Magistrate Judge's Report and Recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the

Court adopts the Report and Recommendation. (ECF No. 11). This petition is dismissed without prejudice because this court lacks jurisdiction.

Further, because Petitioner has failed to make a "substantial showing of the denial of constitutional right," a certificate of appealability is denied. 28 U.S.C. §2253(c)(2). [4]

IT IS SO ORDERED.

December 9, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).